IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* JIM CONRAD, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB 07-3176 |
| GRIFOLS BIOLOGICALS INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

This false claims action arises out of the Third Amended Complaint submitted by Relator Jim Conrad on behalf of the United States, sixteen states and the District of Columbia[1] under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. §§3729, *et seq.* and various parallel state false claims statutes. Neither the United States nor any of the states or District of Columbia has elected to intervene in this action. While the original complaint was brought against forty-eight pharmaceutical manufacturers, as a result of a series of amended complaints, Conrad has dropped his claims against almost all of the original defendants. The Third Amended Complaint is once again brought against Baxter Healthcare Corporation and Novartis Consumer Health, Inc., two of the originally named defendants, and is also now brought against a third defendant, Grifols Biologicals, Inc.[2] Currently pending before this Court are two motions: (1) a Joint Motion to Dismiss the Second Amended Complaint (Paper No. 59) by Baxter, Novartis,

---

[1] Those states or instrumentalities are Illinois, California, Florida, Texas, Delaware, Hawaii, Indiana, Louisiana, New Hampshire, Nevada, Tennessee, Michigan, New Mexico, New York, Massachusetts, Virginia and the District of Columbia.

[2] This Court has granted an extension of time for Grifols Biologicals, Inc. to file an answer to this Third Amended Complaint, which names this defendant for the first time.

1

and Alpha Therapeutic Corporation, which is no longer a party to this lawsuit; and (2) a Joint Motion to Dismiss the Third Amended Complaint (Paper No. 82) by Baxter and Novartis. In lieu of opposing the Motion to Dismiss the Second Amended Complaint (Paper No. 59), the Relator Conrad filed the Third Amended Complaint. The two motions will be analyzed together. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons stated below, these motions to dismiss are GRANTED, and this case is DISMISSED WITH PREJUDICE as to Defendants Baxter and Novartis. This case remains pending as to the sole remaining defendant, Grifols Biologicals, Inc.

## BACKGROUND

This court reviews the facts relating to this claim in the light most favorable to the petitioner. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Relator Jim Conrad ("Relator" or "Conrad") alleges that three pharmaceutical manufacturers knowingly misrepresented their brand name drugs as generic drugs in order to reduce their payments to the Centers for Medicare and Medicaid Services. The False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.*, prohibits persons and entities from knowingly presenting false or fraudulent claims to the federal government for payment or approval. The FCA may be enforced through its *qui tam* provisions, which allow private individuals to initiate civil actions on behalf of the United States. *See* 31 U.S.C. § 3730(b). Once a private individual, called a "relator," files suit, the United States government investigates the relator's claim and chooses to either intervene in the action or allow the relator to proceed on his own. *See id.* at § 3730(b)(4). If the false claims action is successful, the relator receives a percentage of the action's proceeds. *Id.* § 3730(d).

On November 21, 2007, Conrad, the relator in this suit and a resident of Pennsylvania, filed a false claims action against forty-eight pharmaceutical manufacturers. In Conrad's Third Amended Complaint filed on January 20, 2010, he brings suit against three pharmaceutical manufacturers: Grifols Biologicals, Inc. ("Grifols"), Baxter Healthcare Corporation ("Baxter"), and Novartis Consumer Health, Inc. ("Novartis") (collectively, "Defendants").[3] Conrad alleges that Defendants violated the FCA as well as seventeen parallel state false claims statutes by intentionally classifying their brand name drugs as generic drugs, thereby reducing the payments that each Defendant owed to the Centers for Medicare and Medicaid Services ("CMS").

Defendants participate in the Medicaid Drug Rebate Program ("Rebate Program"), a program administered by CMS that offers states federal Medicaid coverage for outpatient drugs. Third Am. Compl. ¶¶ 26, 48. The Rebate Program requires a pharmaceutical manufacturer to enter into a rebate agreement with CMS to pay state Medicaid agencies quarterly rebates for each of its outpatient drugs. *Id.* at 29. CMS calculates the rebate based on several factors including a drug's classification as one of three types of pharmaceuticals: innovator multiple source drugs ("innovators"), noninnovator multiple source drugs ("noninnovators"), and single source drugs. *Id.* at 37, 38, 41. Innovators are brand name drugs; they are originally marketed under the Food and Drug Administration's ("FDA") "new drug application[s]," which grant a manufacturer patent protection or marketing exclusivity rights. *Id.* at 37. Noninnovators are generic drugs. *Id.* at 40. Under the Rebate Program, CMS imposes larger rebate payments on manufacturers of innovators, which enjoy exclusivity in the market for a period of time, than on manufacturers of noninnovators, which do not benefit from such exclusivity. *See id.* at 4.

---

[3] Conrad dropped forty-six of the forty-eight original defendants in his Second Amended Complaint (Paper No. 28), filed July 1, 2009.

Conrad alleges that Defendants knowingly and falsely classified their pharmaceutical products as noninnovators rather than innovators in order to reduce their quarterly rebate costs. *Id.* at 47. By submitting false information in quarterly reports to CMS, Conrad asserts that Defendants paid lower rebates than they actually owed and caused both state Medicaid agencies and the federal government to increase their contributions to the Medicaid program. *Id.* at 51. Conrad specifically alleges that sometime after November 12, 1995, Novartis submitted to CMS documents listing three products as noninnovators, even though all three are really innovators. *Id.* at 58. As a result, Conrad claims that Novartis decreased their rebate costs to state Medicaid agencies. *Id.* at 60. Similarly, Relator alleges that Baxter falsely classified two of its innovators as noninnovators from approximately 2002 until 2009: Bebulin VH and Iveegam E/N. *Id.* at 67-68.[4]

Relator asserts nineteen causes of action in his Third Amended Complaint. Count I alleges that Defendants caused state Medicaid agencies to submit false claims to CMS, in violation of 31 U.S.C. § 3729(a)(1) of the FCA. Relator also alleges in Count I that Defendants knowingly created and used false records, which they submitted to CMS "in order to get false claims paid," in violation of 31 U.S.C. § 3729(a)(2). *Id.* at 72. Count II alleges that Defendants knowingly created and used false records in order to reduce their rebate payments to state Medicaid agencies and CMS, in violation of 31 U.S.C. § 3729(a)(7). *Id.* at 84. Counts III through XIX allege violations of parallel state false claims statutes in Illinois, California, Florida, Texas, Delaware, Hawaii, Indiana, Louisiana, New Hampshire, Nevada, Tennessee, Michigan, New Mexico, New York, Massachusetts, Virginia, and the District of Columbia. *Id.* at 93-333.

---

[4] Relator alleges that Grifols engaged in the same kind of misrepresentation as Novartis and Baxter by classifying four of its products, which are innovators, as noninnovators. *Id.* at 67-70. Grifols has requested an extension of time to file an answer to Conrad's Third Amended Complaint and, therefore, is not involved in this Motion to Dismiss.

4

The United States and the sixteen states and the District of Columbia on whose behalf Conrad initiated this action have declined to intervene.

Relator filed his Second Amended Complaint (Paper No. 28) on July 1, 2009. Alpha Therapeutic Corporation, no longer a party to this case, and the Defendants Baxter and Novartis filed the pending Joint Motion to Dismiss the Second Amended Complaint (Paper No. 59) on November 9, 2009. Then Relator filed a Third Amended Complaint (Paper No. 80) on January 20, 2010. On March 5, 2010, Defendants Baxter and Novartis filed the pending Joint Motion to Dismiss the Third Amended Complaint (Paper No. 82). On April 6, 2010, Relator filed his Response in Opposition (Paper No. 87). On May 5, 2010, Defendants filed their Reply (Paper No. 91).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Though Rule 8(a)(2) does not demand detailed factual content or proof of the probability of success, a claim for relief must state "enough [facts] to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Under Rule 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief may granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must be "plausible on its face." *Twombly*, 550 U.S. at 570. Facial plausibility means that the complaint provides enough factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In reviewing a complaint challenged by a Rule 12(b)(6) motion, a court accepts as true the factual pleadings, "even if doubtful in fact;" yet it need not extend such

deference to legal conclusions "couched as . . . factual allegation[s]." *Twombly*, 550 US. at 555. The Supreme Court recently held that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to properly plead a claim. *Iqbal*, 129 S. Ct. at 1949. Rather, a plaintiff must plead sufficient facts to "nudge[] [his] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

A false claim allegation is an averment of fraud. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999). Thus a complaint asserting false claims must comply with the heightened standard of Federal Rule of Civil Procedure 9(b), which requires a pleader to "state with particularity circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The United States Court of Appeals for the Fourth Circuit has held that "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby" are the circumstances that must be plead with particularity. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison*, 176 F.3d at 784). This set of information is often called the "who, what, when, where, and how" of the alleged fraud. *Wilson*, 525 F.3d at 379 (internal quotations marks omitted). For example, a complaint is insufficient if it fails to allege specific claims submitted to the government and the dates on which those claims were submitted. *See United States ex rel. Clausen v. Lab Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002); *United States ex rel. Brooks v. Lockheed Martin Corp.*, 423 F. Supp. 2d 522, 526-27 (D. Md. 2006). By requiring a plaintiff to plead circumstances of fraud with particularity and not by way of general allegations, Rule 9(b) screens "fraud actions in which all the facts are learned through discovery after the complaint is filed." *Harrison*, 176 F.3d at 789 (citation omitted).

ANALYSIS

Defendants Baxter and Novartis have moved to dismiss Conrad's nineteen claims on the basis that Conrad failed to satisfy the pleading standards mandated by Federal Rules of Civil Procedure 8(a)(2) and 9(b). Further, they assert that the false claims statutes of Delaware, Texas, Indiana, New Hampshire, and Virginia contain limitations that prohibit some or all of Conrad's claims. Because Baxter and Novartis's Motion to Dismiss the Second Amended Complaint (Paper No. 59) and Motion to Dismiss the Third Amended Complaint (Paper No. 82) involve the same grounds for dismissal, the following analysis applies to both motions.

## I. Presentment of False Claims and Use of False Records (Count I)

In Count I of the Third Amended Complaint, Conrad alleges that Defendants caused state Medicaid agencies to present false claims to the United States government, and used false records to get their claims paid. Count I cites violations of two sections of the FCA, which make liable any person who:

> (a)(1) Knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval; and
>
> (a)(2) Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

31 U.S.C. §§ 3729(a)(1), (a)(2). In *Harrison v. Westinghouse Savannah River Co.*, the Fourth Circuit held that a false claims complaint must plead with particularity all alleged "false representations," including the time, place, and contents of the alleged fraud. 176 F.3d 776, 784 (4th Cir. 1999). In an analysis of a fraud claim, a court should consider whether the claim presents the "who, what, when, where, and how" of the alleged fraud. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d at 379 (internal quotations marks omitted).

Conrad fails to plead this information with particularity. At most, he alleges that (i) both Novartis and Baxter submitted false information to CMS, (ii) Novartis supplied its false information in unspecified documents starting sometime after November 12, 1999, and (iii) Baxter provided its false information in quarterly reports from 2002 until 2009. Third Am. Compl. ¶¶ 57-58, 67-68. Yet Conrad fails to provide particularized answers for each Defendant on "what" the alleged fraudulent activity consisted of, "when" it took place, and "how" each scheme is fraudulent.

In his allegations against Novartis, Conrad asserts that Novartis falsely represented its products in "documents submitted to CMS;" however, he does not identify which documents he bases these allegations on, when they were created and submitted, or what they contain. *Id.* at 58. Further, Conrad alleges that Novartis submitted false information to CMS sometime after November 12, 1999, yet he gives no specific times during which this alleged fraudulent activity occurred. *Id.* at 57. As to the dates of the alleged fraud, all that Conrad provides is general information regarding the Rebate Program's contract and mandatory quarterly reports. Because this contractual information is not specific to Novartis, it cannot meet the particularity standard of Rule 9(b). *United States ex rel. Goldstein v. Leonard's Draperies, Inc.*, 238 F. Supp. 2d 711 (D. Md. 2002) (deeming allegations based on generic terms of a contract not specific enough to allege fraud). Finally, Conrad makes a conclusory assertion that products listed in Novartis's "documents" as noninnovators are "in truth and fact . . . innovators," but he neglects to provide any truth or fact in support of this assertion. *Id.* at 58. Though Conrad appears to suggest that the list must be fraudulent since "[i]dentical Novartis products" were "listed as innovators by Novartis," there are no facts alleged in the complaint to bolster the notion that these products are identical. Third Am. Compl. ¶ 59. Because Conrad pleads only a general fraudulent scheme and

fails to show why the Novartis products at issue should be classified as noninnovators, he fails to meet Rule 9(b)'s standard of pleading fraud with particularity.

Likewise, Conrad's allegations against Baxter are insufficient. Conrad's primary contention against Baxter is that it falsely classified two products as innovators in "quarterly reports" from approximately 2002 through 2009. *Id.* at 67-68. Conrad, though, does not supply specific dates during which the alleged fraud occurred, and continues to rely on general information regarding the quarterly reporting under the Rebate Program rather than particularized facts relating to Baxter's alleged fraud. Conrad maintains that his Third Amended Complaint provides the Defendants "[1] the specific Quarterly reports in which the misrepresentations appeared, and [2] the resulting incorrect invoices received and [3] corresponding rebates paid" (Relator's Resp. in Opp'n 25). None of these assertions is accurate. Nowhere in Conrad's Complaint does he refer to "incorrect invoices." Further, his allegations involving Baxter's quarterly reports and reduced rebates are vague and conclusory; he offers no details of the time, place, and contents of these documents. Third Am. Compl. 67-68. Thus, these allegations do not plead Baxter's fraud with requisite particularity.

Accompanying Rule 9(b)'s particularity standard, a relator pleading a violation of 31 U.S.C. § 3729(a)(1) must specifically allege "a false claim that was actually submitted to the government." *Hopper v. Solvay Pharmaceuticals, Inc.*, 588 F.3d 1318, 1326 (11th Cir. 2009); *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 349 (4th Cir. 2009) ("As the plain language of § 3729(a)(1) suggests, liability under subsection (a)(1) requires proof that the defendant actually presented or caused to be presented a false or fraudulent claim to the government."). This Court has consistently recognized the importance of an allegation that a false claim was actually submitted to a government agency. *United States ex rel. Dugan v. ADT*

*Sec. Servs., Inc.*, No. 03-3485, 2009 WL 3232080, at *4 (D. Md. Sept. 29, 2009) (dismissing a false claims complaint that failed to identify "any particular false claim" submitted to the government); *United States ex rel. Brooks v. Lockheed Martin Corp.*, 423 F. Supp. 2d 522, 526 (D. Md. 2006) (finding a complaint citing a violation of 31 U.S.C. § 3729(a)(1) deficient because the relator failed to allege specific false claims that were submitted to the government).

This additional requirement of pleading specific, submitted false claims reflects a concern that the United States Court of Appeals for the Eleventh Circuit articulated in *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006): "We cannot make assumptions about a False Claims Act defendant's submission of actual claims to the Government without stripping all meaning from Rule 9(b)'s requirement of specificity . . . ." In Count I, Conrad alleges that Defendants' false representations resulted in state Medicaid agencies presenting "false claims to CMS for the payment of pharmaceuticals" (Third Am. Compl. ¶ 72). Yet Conrad does not allege a single claim that a state agency actually submitted to the federal government. Instead, he offers conclusory assertions that these claims must have been submitted based on the generic information regarding the Rebate Program. Conrad's allegations do not satisfy the "sine qua non" of a false claims violation: that a relator plead proof of actual false claims. *Vuyyuru*, 555 F.3d at 351; *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 225 (1st Cir. 2004) (internal quotation marks omitted). Thus, Conrad's attempt to plead a violation of 31 U.S.C. § 3729(a)(1) is inadequate under the law of the Fourth Circuit. *See, e.g. Vuyyuru*, 555 F.3d at 349. Because Count I fails to plead Defendants' alleged fraud with requisite particularity, Count I must be dismissed.

## II.     Use of False Records to Reduce Payments (Count II)

Count II of Conrad's Third Amended Complaint cites a violation of 31 U.S.C. § 3729(a)(7), which makes liable any person who "[k]nowingly makes, uses, or causes to be made or used, a false record or statement to . . . decrease an obligation to pay . . . the Government." As Conrad concedes, this Count involves "precisely the same allegations" as Count I. Relator's Resp. in Opp'n 30. Specifically, Conrad alleges that Novartis and Baxter knowingly created and used records falsely classifying their products in order to reduce their rebate payments to state Medicaid agencies. Third Am. Compl. ¶ 84. As in Count I, Count II is based on allegations that offer no particularized details of the time, place, and contents of the alleged fraudulent activity. As the above analysis describes, these allegations fail to meet the standard prescribed by Federal Rule of Civil Procedure 9(b) and, therefore, Count II must also be dismissed.

### III. State False Claims Violations (Counts III through XIX)

Counts III through XIX of Conrad's Third Amended Complaint allege violations of seventeen false claims statutes in Illinois, California, Florida, Texas, Delaware, Hawaii, Indiana, Louisiana, New Hampshire, Nevada, Tennessee, Michigan, New Mexico, New York, Massachusetts, Virginia, and the District of Columbia. These claims are based on the same allegations supporting Counts I and II. For the same reasons stated in the above analysis, these state law claims must be dismissed.

Furthermore, there are independent reasons for dismissing Counts VI, VII, IX, XI, and XVIII of Conrad's Third Amended Complaint. Count VII, which asserts a violation of Delaware's False Claims and Reporting Act, Del. Code. Ann. tit. 6, §§ 1201 *et seq.* (2010) ("Delaware FCA"), must be dismissed entirely. Under the Delaware FCA in effect until July 16, 2009, only an "affected person" could bring a *qui tam* action. *See* 77 Del. Laws 166 (2009). The Delaware FCA defined "affected person" as a labor organization or a current or former employee

of a person liable for a false claims violation. Del. Code Ann. tit. 6, § 1202(4) (2000). On July 16, 2009, an amendment to the Delaware FCA eliminated this limitation on *qui tam* actions. *See* 77 Del. Laws 166 (2009). The amendment, however, is not retroactive. Under Delaware law, retroactivity is a matter of legislative intent, and absent a clear signal from the legislature, "Delaware courts will not infer an intention to make an act retroactive." *Wilson v. Triangle Oil Co.*, 566 A.2d 1016, 1018 (Del Super. Ct. 1989); *see also Whaley v. Allstate Ins. Co.*, 595 F. Supp. 1023, 1027 (D. Del. 1984) ("[I]f there is *any* doubt whether an amendment was intended to operate retrospectively, the doubt *must* be resolved against such operation.") (emphasis in original). Here, the Delaware legislature did not make clear any intention to have the July 16, 2009 amendment retroactive. Thus, Delaware's "affected person" limitation in effect at the time Conrad filed his Complaint still applies. Because Conrad is not an "affected person" under the previous Delaware FCA, Conrad is not authorized to bring this action under Delaware law and Count VII must be dismissed.

Apart from the failure to particularize claims of fraud, Count VI of Conrad's Third Amended Complaint, which asserts a violation of Texas's Medicaid Fraud Prevention Act, Tex. Hum. Res. Code Ann. §§ 36 *et seq.* (2009) ("Texas FCA"), must be dismissed. The version of the Texas FCA in effect at the time Conrad filed his Complaint prohibited a relator from proceeding with a *qui tam* action if the state of Texas declined to intervene. Tex. Hum. Res. Code Ann. § 36.102(c) (1997). Though an amendment to the Texas FCA on May 4, 2007 removed this limitation, the Texas Legislature emphasized that the amendment was prospective. *See* 2007 Tex. Gen. Laws 29. Because Texas did not intervene in this false claims action, Conrad concedes that Count VI must be dismissed as to any allegations of fraud that occurred prior to May 4, 2007. Relator's Resp. in Opp'n 40.

Finally, Counts IX, XI, and XVIII are deficient for similar reasons. These Counts respectively cite violations of Indiana's False Claims and Whistleblower Protection Act, Ind. Code § 5-11-5.5 *et seq.* (2010) ("Indiana FCA"), New Hampshire's Medicaid Fraud and False Claims Act, N.H. Rev. Stat. § 167:61-b *et seq.* (2010) ("New Hampshire FCA"), and Virginia's Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216 *et seq.* (2010) ("Virginia FCA"). Each of these statutes applies prospectively; therefore, Conrad's claims that allege fraudulent activity accruing before these statutes went into effect are not actionable. Conrad admits that: Count IX (Indiana FCA claim) must be dismissed as to allegations of fraud occurring before July 1, 2005; Count XI (New Hampshire FCA claim) must be dismissed as to allegations of fraud occurring before January 1, 2005; and Count XVIII (Virginia FCA claim) must be dismissed as to allegations of fraud occurring before January 1, 2003. Relator's Resp. in Opp'n 40-41.

## IV. Conrad's Request for Leave to Amend his Third Amended Complaint

Conrad has requested leave to amend his Third Amended Complaint in the event that this Court dismisses his claims, but he has not filed his intended amendments. Conrad's request violates Local Rule 103.6 of the District of Maryland, which requires a party seeking leave to amend to provide the court a proposed copy of the amended complaint. *See, e.g., Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009). Moreover, the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962) held that "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment" are sufficient reasons for denying a request for leave to amend. *See also Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (holding that dismissal with prejudice was warranted where "amendment would be futile in light of the [complaint's] fundamental deficiencies"); *Ganey v. PEC Solutions, Inc.*, 418 F.3d 379, 391 (4th Cir. 2005) (affirming a denial of leave to amend where any amendment would be

futile). Here, dismissal with prejudice is appropriate because Conrad, now on his fourth attempt, fails to provide sufficiently particular allegations of Defendants' fraudulent activity. Conrad's reliance on vague, conclusory assertions and generic information regarding the Rebate Program shows that he cannot satisfy Rule 9(b) of the Federal Rules of Civil Procedure. Thus, Conrad's request for leave to amend his Third Amended Complaint is denied.

## CONCLUSION

For the reasons stated above, Defendants' Joint Motion to Dismiss the Second Amended Complaint (Paper No. 59) and Defendants' Joint Motion to Dismiss the Third Amended Complaint (Paper No. 82) are GRANTED. This case is DISMISSED WITH PREJUDICE as to Defendants Baxter Healthcare Corporation and Novartis Consumer Health, Inc., but remains pending as to the sole remaining defendant, Grifols Biologicals, Inc. A separate Order follows.

Dated: July 9, 2010 /s/_____

Richard D. Bennett
United States District Judge